## Mays *against* Mays.

Parties agreed to the decision of cross demands in the nature of *trover*, by an action in that form, which resulted in a judgment for the defendant in a sum certain.   *Held*, that the judgment was valid, not under the defalcation act, but by force of the agreement.

ERROR to *Westmoreland* county.

This action originated by the following agreement between the parties.

Abraham Granewalt, administrator of Alexander Mays deceased, against Joseph Guffey, administrator of Samuel Mays deceased.

Amicable action of trover to recover the value of the following goods and chattels, viz. on the schedule hereto annexed.   In which action it is understood and agreed that the defendant shall be at liberty to give in evidence that the plaintiff has in his possession certain goods and chattels which he alleges were the property of Samuel Mays deceased. And that he has received and retains certain moneys and notes, the property of the said Samuel Mays (and in the trial of said suit judgment shall be entered in favour of the party who, by the evidence, may be entitled thereto).   And further, we do nominate and appoint Simon Drum, William M'Kinney and Randal M'Laughlin arbitrators, to meet in Greensburgh, at the hotel of James Goodlin, on Tuesday the 13th of December next, either party having the right of appeal.   The prothonotary is hereby authorized to enter the above amicable action of record.

JOSEPH H. KUHNS, *Plaintiff's Attorney.*
R. COULTER & A. G. MARCHAND, *Defendant's Attorneys.*
*12th November* 1836.

Schedule of property attached to the above agreement amounts to 814 dollars 71 cents.

14th of December, award of arbitrators filed for the defendant 189 dollars, from which plaintiff appealed.

VII.—2 x

[Mays v. Mays.]

2d of December 1837, jury called, and verdict for the defendant for 200 dollars 8 cents.   Judgment.

*Fieri facias,* No. 57, February term 1838, for damages and costs.

On motion, rule to show cause why this execution should not be set aside.

The court below set aside the execution as to all but the prothonotary's, sheriff's and arbitrators' fees.

*H. D. Foster* and *Coulter,* for plaintiff in error, cited, 2 *Rawle* 180.

*Kuhns,* contra, cited, 11 *Serg. & Rawle* 247.

PER CURIAM.—The question stands not on the defalcation act, but on an agreement, which consequently furnishes the law of the case.   The parties, having cross demands, agreed to the institution of an action and reference—judgment to be entered for him who should succeed; and this was obviously done to settle all by one operation.   But to do that it was necessary that somebody should be plaintiff; and it is a matter of accident and small consequence that the loser has been found to have been arranged as such.   Both were actors, and each in the attitude of a plaintiff; and as such the defendant was entitled to judgment.

Order to set aside the execution reversed.